NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS ORTIZ., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 08-2669 (JLL) |
| v. ) | |
| ) | **OPINION** |
| UNIVERSITY OF MEDICINE & ) | |
| DENTISTRY OF NEW JERSEY, ) | |
| ) | |
| Defendant. ) | |

**LINARES, District Judge.**

This matter comes before the Court upon the Report and Recommendation [CM/ECF #15] of the Honorable Mark Falk, U.S.M.J., regarding the motion to remand [CM/ECF #6] filed by Plaintiff Doris Ortiz ("Plaintiff" or "Ortiz"). No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, the Report and Recommendation is adopted in full.

### INTRODUCTION

On April 21, 2008, Ortiz filed her Complaint in the Law Division of the Superior Court of New Jersey, Essex County. She sued her former employer, the University of Medicine and Dentistry of New Jersey ("UMDNJ") for wrongfully terminating her under Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505 (N.J. 1980), the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq. (Compl. ¶¶ 56, 61, 70, 78, 85.) Her Complaint expressly states that UMDNJ violated the United States Constitution in describing her NJCRA claims. (Compl. ¶¶ 62-64, 71-

1

72.)

UMDNJ removed to this Court on May 29, 2008, predicating removal on this Court's 28 U.S.C. § 1331 federal question jurisdiction. Specifically, UMDNJ asserted that as Ortiz's NJCRA claims involved purported violations of the United States Constitution, the Complaint required "resolution of substantial, disputed questions of federal law." (Not. of Rem. ¶ 5.) Plaintiff moved for remand on July 11, 2008, arguing the federal question jurisdiction did not exist, because the Complaint sought relief only under state statutes. (Rep. & Rec. at 4.) This Court referred the motion for remand to Magistrate Judge Falk, who issued a Report and Recommendation on December 15, 2008. Magistrate Judge Falk recommended that Plaintiff's motion be denied. (Id. at 11.) Plaintiff objected to the Report and Recommendation on December 29, 2009.

## DISCUSSION

When the magistrate judge addresses motions that are considered "dispositive," such as to grant or deny a motion to dismiss, a magistrate judge will submit a Report and Recommendation to the district court. See 28 U.S.C. § 636(b)(1)(A), (B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). The district court may then "accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. . . . The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C); see also L. Civ. R. 72.1(c)(2). Unlike an Opinion and Order issued by a magistrate judge, a Report and Recommendation does not have force of law unless and until the district court enters an order accepting or rejecting it. See, e.g., United Steelworkers of Am. v. N. J. Zinc Co., Inc., 828 F.2d 1001, 1005 (3d Cir. 1987).

With respect to dispositive motions, the district court must make a de novo determination of those portions of the magistrate judge's Report to which a litigant has filed an objection. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); L. Civ. R. 72.1(c)(2); see also State Farm Indem. v. Fornaro, 227 F. Supp. 2d 229, 231 (D.N.J. 2002); Zinberg v. Washington Bancorp, Inc., 138 F.R.D. 397, 401 (D.N.J. 1990) (concluding that the court makes a de novo review of the parts of the report to which the parties object).

"A case 'aris[es] under' federal law within the meaning of § 1331, this Court has said, if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (quoting Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). As Ortiz alleges no cause of action under a federal statute, only the second predicate for federal question jurisdiction can apply—that resolution of her claims requires resolution of a substantial federal legal question. Empire Healthchoice Assur., 547 U.S. at 690. The Supreme Court recently enunciated a test to determine whether federal question jurisdiction exists in such situations: "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005).

Ortiz objects to the Report and Recommendation based on Judge Falk's refusal to discuss two of this Court's previous Opinions that "control the issue of remand in this manner." (Pl. Br. at 4.)  UMDNJ, in response, argues that not only are the two cases discussed by Ortiz

3

distinguishable, they are not binding on this Court. (Def. Opp. Br. at 2-4.)

A. **"Law of the District"**

Ortiz's argument that prior decisions of this Court are binding upon it in later decisions is not supported by the law of this Circuit:

> First, it is clear that there is no such thing as "the law of the district." Even where the facts of a prior district court case are, for all practical purposes, the same as those presented to a different district court in the same district, the prior resolution of those claims does not bar reconsideration by this Court of similar contentions. The doctrine of stare decisis does not compel one district court judge to follow the decision of another. Where a second judge believes that a different result may obtain, independent analysis is appropriate.

Threadgill v. Armstrong World Indus., Inc., 928 F.2d 1366, 1371 (3d Cir. 1991) (internal citation and quotation omitted). In the face of such unambiguous direction from the Court of Appeals, this Court finds that prior District of New Jersey opinions, while certainly instructive, are not necessarily controlling in future cases.

B. **The Grable Test**

Grable requires that for federal question jurisdiction to exist in this case, Ortiz's state-law claim must "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 545 U.S. at 314.

1. **Necessarily Raising a Stated Federal Issue**

The Report and Recommendation is correct when it finds that questions of federal law have been plainly state in Ortiz's Complaint. She alleges violation of several portions of the United States Constitution. (Compl. ¶¶ 62-64, 71-72.) In order to decide her case, a court will

have to construe the United States Constitution, in addition to the New Jersey Constitution and New Jersey law. The first factor, therefore, has been satisfied in this case.

### 2.     Actually Disputed and Substantial

In Grable, the Supreme Court found that if a case required construction of a federal tax statute whose meaning was disputed between the parties, such a claim would satisfy the second stage of the federal question jurisdiction test. 545 U.S. at 315 ("The meaning of the federal tax provision is an important issue of federal law that sensibly belongs in a federal court."). If federal tax statutes, which the United States government relies upon for its continued existence, satisfy the Grable test, then the Constitution, upon which the United States's legal existence is predicated, surely suffices to satisfy the Grable test. Id. As Magistrate Judge Falk said in his Report and Recommendation, "[a]n alleged violation of the United States Constitution is by definition substantial." (Rep. & Rec. at 7 (citing Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 n.12 (1986)).

The cases cited by Ortiz do not hold to the contrary.[1] In Fairfax Financial Holdings Ltd. v. S.A.C. Capital Management, LLC, this Court granted a motion to remand where the plaintiffs had pled federal predicate acts under the New Jersey Racketeer Influenced and Corrupt Organizations Act ("NJRICO"), N.J.S.A. § 2C:41-1 to 6.[2] No. 06-4197, 2007 WL 1456204, at

---

[1]This Court finds that, after review of Plaintiff's cases and argument, the two cases cited go to the second Grable prong, and that the discussion of the two cases herein subsumes Plaintiff's challenge to Magistrate Judge Falk's findings at page 11 of the Report and Recommendations. (Pl. Br. at 3.) This Court does, in any case, agree with the Report and Recommendation's finding that New Jersey law cannot limit federal jurisdiction. (Rep. & Rec. at 11.)

[2]Fairfax Financial Holdings also discusses other causes of action not relevant to the instant controversy. No. 06-4197, 2007 WL 1456204, at *5-6.

*2-5 (D.N.J. May 15, 2007). This Court disagreed with the contentions of the Fairfax Financial Holdings defendants that federal predicate acts under NJRICO necessarily raised a federal question because the plaintiffs had also pled state law predicate acts, and the federal acts would not necessarily be reached in order to prove NJRICO. No. 06-4197, 2007 WL 1456204, at *3-4. Furthermore, this Court found that there were only disputed questions of state law and fact regarding the plaintiff's complaint, and actually disputed and substantial issues of federal law were absent. Id. at 4.

Fairfax Financial Holdings depended in part upon the reasoning of the other case cited by Ortiz, Horowitz v. Marlton Oncology, P.C.. 116 F. Supp 2d 551 (D.N.J. 1999). Horowitz involved, inter alia, an NJRICO claim entirely based on federal predicate acts. 116 F. Supp 2d at 554. Horowitz, a pre-Grable case, utilized the Supreme Court's reasoning in Merrell Dow when it found that simply because a state RICO claim contained a federal predicate crime, such a federal statutory inclusion was not sufficiently substantial to create federal jurisdiction:

> If the plaintiff could not have sued directly under the federal statute itself, then allowing federal jurisdiction for a state claim because that state claim is predicated on an alleged violation of that federal law would flout congressional intent and the implied congressional conclusion that the claimed violation is "insufficiently 'substantial' to confer federal-question jurisdiction."

Horowitz, 116 F. Supp 2d at 555 (quoting Merrell Dow, 478 U.S. at 814). As this language makes clear, both Horowitz and Fairfax Financial Holdings (to the extent it adopts the reasoning of Horowitz) are distinguishable because Ortiz's Complaint requires a court to apply provisions of the United States Constitution, not a federal statute.

In Merrell Dow, the Supreme Court recognized that "differences in the nature of the

federal issues at stake" are not irrelevant to the federal jurisdiction inquiry. 478 U.S. at 814 n.12. <u>Grable</u> underscored that point in its ruling on the importance of federal tax statutes to federal interests. 545 U.S. at 315. This Court declines to permit <u>Horowitz</u> and <u>Fairfax Financial Holdings</u> stand for the broad proposition that no federal interest, however important, can support federal jurisdiction if it is brought through the vehicle of state law. The Complaint, therefore, sets forth a substantial and actually disputed question of federal law, satisfying the second prong of the <u>Grable</u> test. 545 U.S. at 314.

### 3. The Congressionally Approved State-Federal Balance

This Court agrees with Judge Falk's analysis of the state-federal balance issue, to which Ortiz does not object. (Rep. & Rec. at 9.) Congress enacted § 1983 to bring federal Constitutional claims to federal court, and whether they arrive directly under the statute Congress enacted or by removal after being filed in a state court does not appear to significantly impact the balance set by Congress.

As all three prongs of <u>Grable</u> have been met on the instant motion, this Court finds that Magistrate Judge Falk's Report and Recommendations should be adopted, and that Plaintiff's motion to remand is denied.

### CONCLUSION

For the forgoing reasons, this Court adopts the Report and Recommendation in its entirety. An appropriate Order accompanies this Opinion.

DATED: March 18, 2009                    /s/ Jose L. Linares
                                          United States District Judge