NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DORIS ORTIZ., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 08-2669 (JLL) |
| v. ) | |
| ) | **OPINION** |
| UNIVERSITY OF MEDICINE & ) | |
| DENTISTRY OF NEW JERSEY, ) | |
| ) | |
| Defendant. ) | |

**LINARES, District Judge.**

This matter comes before the Court upon the informal letter of Plaintiff Doris Ortiz ("Plaintiff" or "Ortiz") dated May 8, 2009, seeking remand of this action through a voluntary dismissal of all federal claims. No oral argument was heard. Fed. R. Civ. P. 78. For the reasons set forth herein, this Court remands this action to the Superior Court of New Jersey.

**INTRODUCTION**

Plaintiff originated this action in the Superior Court of New Jersey, Essex County, on April 21, 2008. She sued her former employer, Defendant University of Medicine and Dentistry of New Jersey ("Defendant" or "UMDNJ") for wrongfully terminating her under Pierce v. Ortho Pharmaceutical Corp., 417 A.2d 505 (N.J. 1980), the New Jersey Civil Rights Act ("NJCRA"), N.J.S.A. § 10:6-1 et seq., and the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. § 10:5-1 et seq. (Compl. ¶¶ 56, 61, 70, 78, 85.) Her Complaint expressly states that UMDNJ violated the United States Constitution in describing her NJCRA claims. (Compl. ¶¶ 62-64, 71-

72.)

UMDNJ removed to this Court on May 29, 2008, predicating removal on this Court's 28 U.S.C. § 1331 federal question jurisdiction.  Plaintiff moved for remand on July 11, 2008, arguing the federal question jurisdiction did not exist, because the Complaint sought relief only under state statutes.  (Rep. & Rec. at 4.)  This Court referred the motion for remand to the Honorable Mark Falk, U.S.M.J., who issued a Report and Recommendation on December 15, 2008.  Magistrate Judge Falk recommended that Plaintiff's motion be denied.  (Id. at 11.)  Plaintiff objected to the Report and Recommendation on December 29, 2009.  This Court adopted Magistrate Judge Falk's Report and Recommendation over Plaintiff's objections on March 18, 2009.  Following a settlement conference before Magistrate Judge Falk on May 4, 2009, in which the issue of voluntary dismissal of Plaintiff's federal claims arose, the parties sent a series of undocketed letters to this Court: Plaintiff's letter of May 8, 2009 seeking voluntary dismissal of her federal claims and remand; Defendant's letter of May 18, 2009 opposing remand; and Plaintiff's reply letter of May 20, 2009 in further support of her request.

## DISCUSSION

Plaintiff's informal request for relief to this Court presents two separate issues: voluntary dismissal under Rule 41 and the exercise of supplemental jurisdiction.

**A.      Voluntary Dismissal**

A party may voluntarily dismiss a claim through filing a notice to the Court prior to an answer or a motion for summary judgment by the defendant.  Fed. R. Civ. P. 41(a)(1); In re Bath and Kitchen Fixtures Antitrust Litig., 535 F.3d 161, 165-66 (3d Cir. 2008).  After the filing of an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request

only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "Rule 41 motions 'should be allowed unless defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" In re Paoli R.R. Yard PCB Litig., 916 F.2d 829, 863 (3d Cir. 1990) (quoting 5 J. Moore, Moore's Federal Practice ¶ 41.05[1], at 41-62 (1988)).

As Defendant has already filed an answer in this matter, Plaintiff may not voluntarily dismiss her federal claims merely by providing notice to this Court. Defendant, however, does not oppose the voluntary dismissal of Plaintiff's claims under the U.S. Constitution in its May 18, 2009 letter, and this Court does not apprehend any genuine prejudice resulting to UMDNJ from having the federal claims dropped from this litigation. Discovery in this Court has been largely stymied by the issues surrounding the motion for remand, and aside from the answer having been filed, the case is still in its early stages. Voluntary dismissal under Rule 41(a)(2) is, therefore, granted with respect to Plaintiff's federal claims.

**B.  Supplemental Jurisdiction**

Section 1367(c)(3) of Title 28 provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ." Thus, this Court has discretion to decline jurisdiction over supplemental claims the after Court has dismissed all claims over which it had original jurisdiction. New Rock Asset Partners, L.P. v. Preferred Entity Advancements, Inc., 101 F.3d 1492, 1508 (3d Cir. 1996); Growth Horizons, Inc. v. Delaware County, Pa., 983 F.2d 1277, 1284 (3d Cir. 1993) ("In making its determination, the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants'") (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966));

Freund v. Florio, 795 F. Supp. 702, 710 (D.N.J. 1992) ("[A]t this early stage in the litigation, dismissal of the pendent state claims in a federal forum will result in neither a waste of judicial resources nor prejudice to the parties").

Defendant urges this Court to deny the motion to remand because judicial economy would be served by keeping this case in federal court where some discovery has occurred and because Plaintiff is attempting to manipulate this Court's jurisdiction in order to forum shop. (Def. Opp. Br. at 5-6.)  Plaintiff, on the other hand, alleges that Defendant is attempting to manipulate the forum this case is to be heard in by going to "extraordinary lengths" to keep the matter in federal court.  (Pl. Letter of May 20, 2009 at 1.)

The parties contest the applicability of Carnegie-Mellon v. Cohill and its progeny to the instant matter.  484 U.S. 343, 346 (1988).  In Cohill, the plaintiff brought both federal and state claims against defendants in the Pennsylvania Court of Common Pleas.  484 U.S. at 345. Defendants removed to the Western District of Pennsylvania, and the plaintiff then filed two motions: a motion to amend in which the federal claims were dropped and a motion to remand which was conditional upon amendment of the complaint. Id. at 346.  In discussing how a district court can apply its discretion in retaining jurisdiction over a case once original jurisdiction no longer exists in a case, the Court noted the possibility of forum shopping:

> Petitioners also argue that giving district courts discretion to
> remand cases involving pendent state-law claims will allow
> plaintiffs to secure a state forum through the use of manipulative
> tactics.  Petitioners' concern appears to be that a plaintiff whose
> suit has been removed to federal court will be able to regain a state
> forum simply by deleting all federal-law claims from the complaint
> and requesting that the district court remand the case.  This
> concern, however, hardly justifies a categorical prohibition on the
> remand of cases involving state-law claims regardless of whether

> the plaintiff has attempted to manipulate the forum and regardless of the other circumstances in the case. A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case. The district courts thus can guard against forum manipulation without a blanket rule that would prohibit the remand of all cases involving pendent state-law claims.

Id. at 357. After careful examination, however, this Court finds that Cohill is not determinative of the result in this case. All Cohill indicates is that a district court should take any attempt to manipulate the forum into account when it conducts its analysis in the decision whether or not to retain supplemental jurisdiction. This conclusion is buttressed by the Third Circuit case cited by Defendant, Trans Penn Wax Corp. v. McCandless, in which the Court folds the manipulation/forum shopping inquiry condoned in Cohill into the supplemental jurisdiction analysis: "an effort by the plaintiff to manipulate the forum should be considered along with other factors in the decision whether to remand." 50 F.3d 217, 233 (3d Cir. 1995).

Neither Cohill nor Trans Penn Wax Corp., however, found that remand of a case was improper due to manipulation of the forum. Defendant suggests two other cases from the Eastern District of Pennsylvania to guide this Court's reasoning on that issue. (Def. Opp. Br. at 7.) In Kimble v. Williams, the court found that the plaintiff engaged in manipulative tactics by dropping his federal claims and simultaneously moving to remand approximately three weeks after the defendant removed the case. No. 02-9359, 2003 U.S. Dist. LEXIS 9796, at *1-3 (E.D. Pa. May 19, 2003). Similarly, in Allen v. Rite-Aid, Inc., the plaintiffs amended their complaint one day after removal in an attempt to deny federal jurisdiction, and the court found that such a

5

tactic was forum manipulation of the type discussed in Cohill.  No. 91-3835, 1991 U.S. Dist. LEXIS 10552, at *3-4, *8 (E.D. Pa. July 30, 1991).  Although UMDNJ suggests that this Court follow the logic of Kimble and Allen in this case, Ortiz's situation is quite different.  Throughout the motion to remand and the subsequent motion for reconsideration, her position has been that she never made a claim subject to federal jurisdiction.  While this Court ultimately found that Ortiz's legal position was not correct, it does not necessarily follow that seeking remand via voluntary dismissal was impermissible forum manipulation.  Furthermore, even if it was, such a factor is not dispositive under Cohill and Trans Penn Wax Corp.

      This Court finds that after examining the issues relevant to its decision to exercise supplemental jurisdiction—namely "economy, convenience, fairness, and comity"—that it is proper to decline to exercise supplemental jurisdiction.  Trans Penn Wax Corp., 50 F.3d at 233.  With respect to economy, the issues regarding remand have prevented extensive discovery and expenditure of judicial resources, and the Rule 16 conference has only recently been held.  (Def. Opp. Br. at 4.)  This Court sees no disadvantage to remand with respect to convenience of either the courts or the parties, and neither party has put forward a compelling reason based on the convenience factor to favor this Court over the Superior Court of New Jersey.  Similarly, this Court sees no issue in this matter that would impair the comity between this Court and the Superior Court of New Jersey: indeed, comity is probably best served in this instance by deciding the issue of Plaintiff's claims under the New Jersey Constitution in a New Jersey state forum.  Finally, with respect to forum manipulation and fairness, this Court finds that despite Defendant's vigorous assertion of forum manipulation by the Plaintiff, it would not be unfair to either party to remand this action.  Although Plaintiff does appear to have sought a state forum

6

for her claims by every available procedural means, and Plaintiff has also refused to conduct all of the discovery Defendant sought prior to the final adjudication of the remand issue, this Court finds that Plaintiff's voluntary dismissal of her federal claims after good faith litigation of the remand issue is not an unfair manipulation of jurisdiction. This Court, therefore, declines to exercise supplemental jurisdiction and remands this matter to the Superior Court of New Jersey.

## CONCLUSION

For the forgoing reasons, this Court adopts the Report and Recommendation in its entirety. An appropriate Order accompanies this Opinion.

DATED: July 21, 2009

      /s/ Jose L. Linares
United States District Judge